Dennis B. Kass,
State Bar No. 137263
**MANNING & MARDER
KASS, ELLROD, RAMIREZ** LLP
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6900
E-mail: dbk@mmker.com

Patrick L. Hurley,
State Bar No. 174438
**MANNING & MARDER
KASS, ELLROD, RAMIREZ** LLP
One California St., 11th Floor
San Francisco, CA
Telephone: (415) 217-6990
Facsimile: (415) 217-6999
E-mail: plh@mmker.com

Attorneys for Defendants,
TRACY AVILDSEN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHN BROSNAN, | Case No. CV 07-6438 EDL |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND TO STRIKE PUNITIVE DAMAGES CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DENNIS B. KASS AND TRACY AVILDSEN; EXHIBITS** |
| vs. | |
| TRACY AVILDSEN aka TRACY BROOKS SWOPE, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INCORPORATED, and DOES 1 - 233, | [F.R.C.P. 12(b)(1), (b)(3), (b)(6) and (f).] |
|  | (*Request for Judicial Notice and [Proposed] Order Filed Concurrently*) |
| Defendants. | Date:      May 27, 2008<br>Time:      9:00 a.m.<br>Ctrm:      E |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 27, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom E of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California, defendants TRACY AVILDSEN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC. ("State Farm") will move under Federal Rules of Civil Procedure, Rules 12(b)(1), 12(b)(3), and 12(b)(6) for dismissal of plaintiff's Complaint on the following grounds:

1.    The Court does not have subject matter jurisdiction over this lawsuit (Rule 12(b)(1));

2.    Even assuming the federal court had jurisdiction over this matter, the case was not filed in the proper venue (Rule 12(b)(3));

3.    State Farm is not a proper defendant (Rule 12(b)(6));

4.    The fourth claim should be dismissed because there is no separate claim for civil conspiracy under California law.  (Rule 12(b)(6)).

5.    The defamation claims are not adequately pled.  (Rule 12(b)(6)).

6.    The defamation claims are barred by California Civil Code § 47 (Rule 12(b)(6)).

Defendant also moves, under Rule 12(f), to strike plaintiff's request for punitive damages and attorneys' fees as plaintiff has not alleged facts sufficient to state a claim for punitive damages against either defendant, nor has plaintiff alleged a legal basis for the recovery of attorneys' fees.

///
///
///
///
///

1    This motion is based on this Notice of Motion, the attached Memorandum of

2    Points and Authorities, the attached declaration of Dennis B. Kass and exhibits

3    thereto, the attached declaration of Tracy Avildsen, the Request for Judicial Notice

4    filed concurrently, and on such other and further matter as the Court may accept at

5    the hearing on this motion.

6

7

8    Dated: April 14, 2008                    MANNING & MARDER
                                              KASS, ELLROD, RAMIREZ LLP

9

10                                            By: S:\Patrick L. Hurley

11                                            Attorneys for Defendants,
                                              TRACY AVILDSEN AND STATE
12                                            FARM MUTUAL AUTOMOBILE
                                              INSURANCE COMPANY, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

Plaintiff John Brosnan is a professional plaintiff who has been declared a vexatious litigant in California. (Ex. A.)  That has not dissuaded plaintiff; he has simply switched forums and is continuing his abuse of the court system by now filing frivolous lawsuits in federal court.  In 2007 and 2008, plaintiff has filed five lawsuits in the Northern District of California and two in the Central District of California.  The current lawsuit is another example of plaintiff's inappropriate abuse of the courts.  Plaintiff has also asserted eighteen insurance claims between late 2002 and 2007. (Ex. B.)

This case arises out of an automobile accident of disputed liability that happened in May 2007 in Beverly Hills, California involving two California citizens -- plaintiff and defendant Avildsen.  Plaintiff is literally trying to turn that simple fender-bender into a federal case.

Plaintiff claims that Avildsen rear-ended him.  In fact, plaintiff rolled back into Avildsen while both were stopped at a red light.  A photograph of the "damage" to Ms. Avildsen's vehicle is attached as Exhibit C.  Plaintiff seeks property damage only and is suing Ms. Avildsen and State Farm for denying liability for the accident.

The Court should grant the motion to dismiss because the Court lacks subject matter jurisdiction over the case.  Plaintiff did not allege that the accident resulted in damages exceeding the amount-in-controversy requirement.  Diversity is also lacking because, despite his representation, both plaintiff and Ms. Avildsen are citizens of California.  In this lawsuit, and in all of the other federal lawsuits filed by plaintiff, he lists his address as Pleasant Hill, California.  In one lawsuit, filed as John Brosnan dba Apex ISP Services, plaintiff identifies himself as "a California business located in Pleasant Hill, California."  (See Ex. A to Request for Judicial Notice.)  In addition, in several of his lawsuits, plaintiff's email address is listed as

1  john@cityofsanfrancisco.com.[1] (See Ex. B to Request for Judicial Notice.) A public

2  record search shows that plaintiff owns property in California. (Ex. D). Likewise,

3  the 510 area code for plaintiff's telephone number and the 925 area code for

4  plaintiff's fax number listed in the caption are all for California. (See Complaint at

5  page 1.) Finally, plaintiff filed a sufficient number of lawsuits in Contra Costa

6  County Superior Court to be found to be a vexatious litigant. (Ex. A.)

7      Even if the Court had jurisdiction over this case, venue is improper. The

8  accident happened in Beverly Hills which is in the Central District of California.

9  Avildsen resides in Beverly Hills which is also in the Central District. Therefore,

10  this case should be dismissed because it was not filed in the proper venue.

11      The Court should also dismiss the claims against State Farm without leave to

12  amend. A defendant's insurer is not a proper defendant in a personal injury accident.

13  See McKee v. Nat'l Union Fire Ins. Co., 15 Cal. App. 4th 282, 287 (1993). It is clear

14  that plaintiff is attempting to circumvent this rule by filing meritless and frivolous

15  defamation claims against Avildsen and her insurer simply because they dispute

16  plaintiff's version of the accident.

17      The fourth claim for conspiracy to commit slander should be dismissed

18  without leave to amend because there is no claim for civil conspiracy in California.

19  The defamation claims are not adequately pled. Moreover, defendants are immune

20  from suit for defamation based on the facts alleged in the complaint pursuant to

21  California Civil Code § 47.

22      Finally, even if plaintiff could proceed with this lawsuit, the Court should

23  strike the request for punitive damages and attorneys' fees in the Prayer because

24  plaintiff has not alleged facts sufficient to entitle him to recover those catergories of

25  damages.

26

27      [1]www.cityofsanfrancisco.com is a website called SF Station which describes itself as
28  the Bay Area's "definitive online guide" to arts, entertainment, etc. Thus, it appears that
   plaintiff both lives and works in the San Francisco Bay Area.

## 2.    STATEMENT OF FACTS

According to the Complaint, plaintiff and defendant Avildsen were involved in a traffic accident on May 7, 2007 in Beverly Hills, California. Plaintiff claims that Avildsen hit him from behind. Avildsen contends that plaintiff rolled back into him.

Plaintiff alleges that he is a "Nevada resident" and that, on information and belief, Avildsen is a "New York resident." (Complaint at ¶¶ 3, 4.) Both of these contentions are incorrect. First, Avildsen is a resident of California. She has been a California resident since 1987 and resided in the Beverly Hills area both at the time of the subject accident and presently. (Avildsen Decl. at ¶2-3)

Second, despite his representation, it appears that plaintiff is also a citizen of California. The address listed on his Complaint is in Pleasant Hill, California. He has filed at least five other lawsuits in the Northern District listing the same address. (Ex. A to Request for Judicial Notice.) His email address in some of these lawsuits is listed as john@cityofsanfrancisco.com. (Ex. B to Request for Judicial Notice.) In John Brosnan dba Apex ISP Services v. Munger, et al, Case No. CV 07-0996, plaintiff identifies himself as "a California business located in Pleasant Hill, California." (Ex. A to Request for Judicial Notice.) Plaintiff owns property in California. (Ex. D.) Plaintiff has also filed a sufficient number of lawsuits in state court in California to be found to be a vexatious litigant in California. (Ex. A)

On December 21, 2007, plaintiff filed a Complaint in the Northern District naming Avildsen and her insurer as defendants based on alleged diversity jurisdiction. The Complaint contains claims for (1) property damage, (2) slander against Avildsen, (3) slander against State Farm, (4) conspiracy to commit slander against Avildsen and State Farm, and (5) libel against State Farm.

## 3.    THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS MATTER

Pursuant to 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction

1    over civil actions where "the matter in controversy exceeds the sum or value of

2    $75,000" and is between "citizens of different States." The Complaint fails to

3    establish either basis for subject matter jurisdiction.

4        Plaintiff bears the burden of proving both diversity and the amount in

5    controversy. In fact, even if a defendant has not challenged a plaintiff's allegations

6    of diversity, "the court may still insist that the jurisdictional facts be established . . .

7    by a preponderance of the evidence. McNutt v. General Motors Accept. Corp. of

8    Indiana, 298 U.S. 178, 179 (1936).

9        "A motion to dismiss for lack of subject matter jurisdiction may either attack

10   the allegations of the complaint (a 'facial attack'), or it may be made as a 'speaking

11   motion' attacking the existence of subject matter jurisdiction in fact (a 'factual

12   attack')." McMorgan & Co. v. First Cal. Mortgage Co., 916 F. Supp. 966, 973 (C.D.

13   Cal. 1995). This motion is both a facial attack and a factual attack on subject matter

14   jurisdiction.

15       Plaintiff has failed to allege that the amount-in-controversy exceeds $75,000.

16   That failure alone is sufficient for the Court to grant the motion to dismiss. Century

17   Southwest Cable Television v. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 1994).

18       Plaintiff's allegations that he is a resident of Nevada and that, based on

19   information and belief, Avildsen is a resident of New York, are insufficient to

20   establish subject matter jurisdiction. Instead, plaintiff must allege, based on personal

21   knowledge, that the parties are citizens, not residents, of different states. Bradford v.

22   Mitchell Bros. Truck Lines, 217 F. Supp. 525, 526 (N.D. Cal. 1963); America's Best

23   Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992).

24   Plaintiff's allegations are not sufficient to establish diversity jurisdiction.

25       Not only are the allegations in the Complaint insufficient to establish subject

26   matter jurisdiction but those allegations are also incorrect. Avildsen is neither a

27   resident nor a citizen of New York. She currently lives in Beverly Hills, California

28   and has lived in California since 1987. (Avildsen Decl. at ¶2-3.)

1    Similarly, it appears that plaintiff is a citizen of California. The address listed

2  on his Complaint is in Pleasant Hill, California. The phone numbers listed are

3  California area codes. He was working in the Los Angeles area at the time of the

4  accident, his numerous other lawsuits were filed in California, he claims to operate a

5  business in California and his email address is john@cityofsanfrancisco.com. He

6  owns property in California and has filed numerous lawsuit in California state court.

7  It is difficult to see how plaintiff could be anything other than a citizen of California.

8  The burden now shifts to plaintiff to establish diversity which he will be unable to

9  do. Therefore, the Court should grant the motion to dismiss under Rule 12(b)(1).

10

11  **4.    EVEN IF PLAINTIFF COULD ESTABLISH SUBJECT MATTER**

12      **JURISDICTION, VENUE IS IMPROPER**

13    Even if plaintiff could establish diversity jurisdiction, the motion to dismiss

14  should be granted under Rule 12(b)(3) because the case was not filed in the proper

15  venue.

16    In a federal case where subject matter is based on diversity, venue is proper in

17  the following districts:

18      (1)    If all defendants reside in the same state, a district where any defendant

19          resides; or

20      (2)    a district in which a "substantial part of the events or omissions" on

21          which the claim is based occurred; or

22      (3)    if there is no district in which the action may otherwise be brought, "a

23          district in which any defendant is subject to personal jurisdiction at the

24          time the action is commenced."

25  (28 USC § 1391(a)(1) - (a)(3)).

26    In this case, all of the defendants do not reside in the same state so subsection

27  section 1391(a)(1) does not apply nor does subsection (a)(3) because there is another

28  district in which the case may be brought -- the Central District of California. As set

1   forth in the Complaint, the accident that forms the basis for this case happened in

2   Beverly Hills which is located in the Central District. Pursuant to section 1391(a)(2),

3   venue is proper in the Central District, but not proper in the Northern District.

4   Therefore, the motion to dismiss pursuant to Rule 12(b)(3) should be granted.

5

6   **5.     THE CLAIMS AGAINST STATE FARM SHOULD BE DISMISSED**

7   **BECAUSE PLAINTIFF MAY NOT BRING A DIRECT ACTION**

8   **AGAINST IT**

9          Even assuming subject matter and venue were proper, the claims against State

10  Farm should be dismissed with prejudice because plaintiff cannot proceed with those

11  claims as a matter of law.

12         Plaintiff is suing Avildsen based on the traffic accident detailed in the

13  Complaint. State Farm provided Avildsen with car insurance. Pursuant to California

14  law, a plaintiff may not sue a defendant's insurer directly unless and until the

15  plaintiff obtains a judgment against the insured. McKee, 15 Cal. App. 4th at 287 ("a

16  direct action against the insurer . . . is not allowable until after the claimant shall

17  have secured a final judgment against the insured."). Plaintiff has not alleged a final

18  judgment, nor could he in good faith. Plaintiff's claims against State Farm clearly

19  violate this rule even though he has attempted to circumvent the rule it by claiming

20  that State Farm defamed him simply because State Farm denied his claim. The Court

21  should dismiss the claims against State Farm with prejudice.

22

23  **6.     CONSPIRACY DOES NOT STAND ALONE AS A CAUSE OF ACTION**

24         In the fourth claim, plaintiff alleges that Avildsen and State Farm conspired to

25  slander him. (Complaint at ¶¶ 38-41.) This claim fails as a matter of law as the facts

26  alleged do not state a valid claim under state law.

27         Under California law, "[a] civil conspiracy however atrocious, does not per se

28  give rise to a cause of action unless a civil wrong has been committed resulting in

1  damage. . . . Conspiracy (the agreement) is ordinarily not actionable by itself. The

2  cause of action arises out of some wrongful act committed by one or more of the

3  conspirators, and if such a wrongful act is set forth the conspiracy averment is

4  unnecessary to the statement of a cause of action." Unruh v. Truck Insurance

5  Exchange, 7 Cal.3d 616, 631 (1972) (citations omitted); Applied Equipment Corp. v.

6  Litton Saudi Arabia, Ltd., 7 Cal.4th 503, 510 (1994 ("Conspiracy is not a cause of

7  action"). The fourth claim for conspiracy to commit slander should be dismissed

8  without leave to amend.

9

10  **7.    PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO**

11  **STATE CLAIMS FOR DEFAMATION AGAINST STATE FARM OR**

12  **AVILDSEN**

13  Plaintiff has failed to allege any facts, as opposed to legal conclusions, to

14  support his defamation claims against defendants and, therefore, has failed to allege a

15  cause of action for libel or slander against defendants.

16  In ruling on a motion to dismiss, all factual allegations are taken as true and

17  construed in the light most favorable to the nonmoving party. Clegg v. Cult

18  Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). However, "the court is not

19  required to accept legal conclusions cast in the form of factual allegations if those

20  conclusions cannot reasonably be drawn from the facts alleged." Id.

21  In this case, plaintiff's defamation claims are simply legal conclusions with no

22  facts to support them. It is impossible for defendants to adequately respond to the

23  defamation claims without any facts about the alleged defamatory statements. For

24  instance, in Paragraph 35 of the Complaint, plaintiff alleges that State Farm "has

25  informed third parties that BROSNAN is at fault for the ACCIDENT." This

26  allegation is not sufficient to state a claim for slander. Who did State Farm inform?

27  When? Through whom did State Farm act? What did State Farm's representative

28  allegedly say? None of these material facts are set forth in the Complaint. The Court

should require that, at a minimum, plaintiff provide some basic facts to support his claims so that defendants can either answer those allegations or move to dismiss them. It is not sufficient for plaintiff to simply allege legal conclusions.

**8.    DEFENDANTS ARE IMMUNE FROM SUIT FOR DEFAMATION BASED ON THE ALLEGATIONS IN THE COMPLAINT**

Plaintiff claims that defendants defamed him by asserting that Avildsen was not at fault in the accident. (Complaint at ¶¶ 31-45.) It is obvious that plaintiff is using these defamation claims to try to discourage defendants from contradicting his version of the incident. This is not a proper use of, or basis for, defamation claims. In addition, defendants are immune from suit for defamation based on the allegations in the Complaint.

California Civil Code § 47(c) provides that a statement is privileged "where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." Williams v. Taylor, 129 Cal. App. 3d 745, 751 (1982). Once the defense of privilege has been established, "plaintiff has the burden of defeating it by showing that the privilege has been abused or that malice existed on the part of the defendant." Deaile v. General Telephone Co. of Cal., 40 Cal. App. 3d 841, 849 (1974). Malice may not be inferred from the statements themselves. Civ. Code § 48.

In Cuenca v. Safeway San Francisco Employees Fed. Credit Union, 180 Cal. App. 3d 985, 996 (1986), allegations of improper conduct by plaintiff, the manager of a credit union, were investigated by the credit union's governing body. During the investigation, defendant and its agents made various oral statements and issued a written report which outlined suspicions of various acts of misconduct by plaintiff. Plaintiff sued for defamation based on the oral statements and written report.

The Cuenca court held that the written report and oral statements relating to the report were privileged because the subject of the report and statements "were all

1    directly relevant to plaintiff's fitness as manager of the Credit Union and as such
2    were matters of direct interest to the Credit Union's supervisory committee, its
3    auditor and its board of directors." Id. at 996.

4        The qualified privilege of section 47(c) applies to all of the defamatory
5    statements alleged by plaintiff. All of the alleged statements were made in the
6    context of Avildsen's conversations about a traffic accident with her insurer or the
7    alleged statements by State Farm to others regarding the insurance claim. Therefore,
8    the statements alleged by plaintiff related to a common interest of both the
9    communicators and the recipients. See Deaile, 40 Cal.App.3d at p. 846.

10       In addition, it is obvious from the allegations in the Complaint that all of the
11   statements alleged were of a kind reasonably calculated to protect or further a
12   common interest of both the communicator and the recipient. The allegedly
13   defamatory statements, which related to the traffic accident and Avildsen's
14   insurance, are privileged under section 47(c). See Deaile, 40 Cal. App. 3d at 846.
15   Plaintiff has not alleged that defendants acted with malice and, therefore, defendants
16   are immune from suit for alleged defamation based on the allegations in the
17   Complaint.

18

19   **9.    THE COURT SHOULD STRIKE THE PRAYER FOR PUNITIVE**
20   **DAMAGES AND ATTORNEY'S FEES**

21       Pursuant to Federal Rules of Civil Procedure, Rule 12(f), the Court may strike
22   any "redundant, immaterial, impertinent, or scandalous matter" in a Complaint. The
23   Court should strike the prayer for punitive damages and attorneys' fees in the
24   Complaint because plaintiff has not come close to alleging facts sufficient to entitle
25   him to such damages.

26       In his prayer for relief, plaintiff seeks an award of one hundred million dollars
27   in punitive damages against defendants. (Complaint at p. 5, lines 6-7.) The Court
28   should strike the prayer for punitive damages on the grounds that plaintiff has failed

1  to allege any facts that would permit him to proceed on a claim for punitive damages

2  against defendants.

3      Pursuant to California law, punitive damages may only be awarded where the

4  plaintiff:

5        establishes by clear and convincing evidence that the defendant is guilty of (1)
fraud, (2) oppression or (3) malice. Cal. Civ. Code § 3294(a). According to

6        the definitions provided in section 3294(c), a plaintiff may not recover
punitive damages unless the defendant acted with intent or engaged in

7        "despicable conduct." "The adjective 'despicable' connotes conduct that is so
vile, base, contemptible, miserable, wretched or loathsome that it would be

8        looked down upon and despised by ordinary decent people."

9  <u>Henry v. Lehman Commer. Paper, Inc.</u>, 471 F.3d 977, 998 (9th Cir. 2006) (footnote

10  and citations omitted.)

11      Plaintiff has failed to allege any facts in the Complaint that would support a

12  finding that either defendant acted with malice, fraud or oppression. Therefore, the

13  prayer for punitive damages should be striken.

14      Plaintiff also seeks attorneys' fees in the prayer for relief. (Complaint at p. 5,

15  line 10.) "California has adopted the 'American' rule which requires each party to

16  bear its own attorney fees in litigation, unless otherwise provided by contract or

17  statute." <u>Pac. Custom Pools v. Turner Constr. Co.</u>, 79 Cal. App. 4th 1254, 1268

18  (2000). Although the parties may contract out of the American rule, plaintiff has

19  alleged no contract between he and defendants that could provide contractual

20  authority for any award of attorneys' fees. Similarly, plaintiff has failed to allege a

21  statutory right to attorneys' fees. Therefore, the Court should strike the request for

22  attorneys' fees in the prayer for relief.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## 10.    CONCLUSION

For all the foregoing reasons, the Court should grant the motion to dismiss without leave to amend.


Dated: April 14, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP


By: S:\Patrick L. Hurley

Attorneys for Defendants,
TRACY AVILDSON AND STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, INC.

# DECLARATION

## DECLARATION OF DENNIS B. KASS

I, Dennis B. Kass, declare and state as follows:

1.    I am an attorney at law, duly licensed to practice before all of the courts of the State of California and in this Court, and I am a partner in the law firm of Manning & Marder, Kass, Ellrod, Ramirez LLP, attorneys of record for defendants herein. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify to them.

2.    Attached hereto as Exhibit A is a true and correct copy of a partial list of vexatious litigants in California. My office obtained this list from the Administrative Office of the Court in California which, pursuant to California Code of Civil Procedure § 391.7(e), is required to maintain such a list.

3.    Attached hereto as Exhibit B is a list of insurance claim submitted by John Brosnan between 2002 and 2007.

4.    Attached hereto as Exhibit C is a photograph showing the condition of the front of the car driven by defendant Avildsen at the time of the subject accident.

5.    Attached hereto as Exhibit D is a true and correct copy of a public records search that was done at my direction showing that plaintiff John Brosnan owns property in California.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed April 14, 2008, at Los Angeles, California.



Dennis B. Kass

# DECLARATION

# DECLARATION OF TRACY AVILDSEN

I, Tracy Avildsen, declare as follows:

1.  I am over the age of 18 and have personal knowledge of the facts stated in this declaration. If called upon to do so I could and would testify as to the truth of the matters contained within this declaration.

2.  Presently and at the time of the May 12, 2007 automobile accident which is the subject of plaintiff's complaint in this matter, I am a resident of California. I have been a resident of California since approximately 1987.

3.  I presently reside in the Beverly Hills, California area and resided in the same area at the time of the accident which is the subject of plaintiff's Complaint in this matter.

4.  I have not been served with a Summons and Complaint from the plaintiff.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __4__ day of April, 2008 in Beverly Hills, California.

_____
TRACY AVILDSEN

-1-
DECLARATION OF TRACY AVILDSEN

# EXHIBIT A

VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through March 28, 2008)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| BERRY | Ethan | A. | Contra Costa Superior Court | D9800245 | 04/13/04 | |
| BEXTON | Alana | Poole | Kern County Superior Court | 531384 | 12/12/95 | |
| BHATIA | Ram | S. | Los Angeles Superior Court | PD011462 | 02/05/04 | |
| BIANCHI | Alfred | | San Mateo Superior Court | CIV417277 | 07/25/07 | |
| BIANCHI | Lois | K. | San Mateo Superior Court | CIV417277 | 07/25/07 | |
| BICKMORE | Gregory | L. | Butte Superior Court | 118290 | 08/11/95 | |
| BILLINGS | Christina | Gerasimos | Los Angeles (Pasadena) Muni Ct | 93M05279 | 11/23/94 | |
| BITTAKER | Lawrence | S. | Marin Superior Court | 155223 | 04/20/93 | |
| BLACK | Yvette | L. | Los Angeles Superior Court | BC061325 | 09/10/93 | |
| BLEISCH | William | | San Diego Superior Court | D294829 | 09/14/94 | |
| BONAR | Richard | Louis | San Luis Obispo Superior Court | LC031126 | 04/23/04 | |
| BORESS | Harry | | Contra Costa Superior Court | C0202127 | 01/07/03 | |
| BORLAND | Barbara | | Los Angeles (Newhall) Muni Ct | 91C020011 | 10/21/92 | |
| BOTELLO | Ruben | B. | Humboldt Superior Court | 92DR0221 | 11/02/92 | |
| BOTHELL | Brad | E. | Santa Clara Superior Court | 105CV046193 | 03/27/07 | |
| BOWEN | Patricia | L. | Los Angeles Superior Court | BC088198 | 02/23/95 | |
| BOWLES | John | | Contra Costa Superior Court | C9501573 | 10/05/00 | |
| BOYD | Anthony | H. | Kern Superior Court | 51638 | 09/12/94 | Order states specifics. |
| BRADFORD, H-16258 | Raymond | Alford | Kings Superior Court | 06C0361 | 08/06/07 | |
| BRADFORD, H-16258 | Raymond | Alford | Kings Superior Court | 06C0360 | 12/07/07 | |
| BRADLEY | Audrey | | Orange County Superior Court | 699626 | 11/17/97 | |
| BRADLEY | Jacqueline | | Alameda Superior Court | BG05223156 | 10/19/05 | |
| BRANDES | Alaine | | Riverside Superior Court | 070405 | 03/08/94 | Order states specifics. |
| BRANDES | Linnea | | Riverside Superior Court | 070405 | 03/08/94 | Order states specifics. |
| BRAVO | Victor | J. | San Diego Superior Court | S87515 | 11/17/00 | |
| BRAZIL, JR. | Joseph | F. | Sonoma Superior Court | SCV85414 | 05/26/98 | |
| BRELAND, JR. | Frank | | San Diego Superior Court | 708311 | 12/15/97 | |
| BROADNAX | Lawrence | | Los Angeles Superior Court | BC214701 | 05/15/01 | |
| BRODEUR | Mona | Theresa | San Mateo Superior Court | F012037 | 07/30/93 | |
| BRODEUR | Mona | Theresa | San Mateo Superior Court | 384113 | 07/30/93 | |
| BRODEUR | Mona | Theresa | San Mateo Superior Court | 384114 | 07/30/93 | |
| BRODEUR | Mona | Theresa | San Mateo Superior Court | F011422 | 07/14/93 | |
| BROSNAN | John | | Contra Costa Superior Court | C9501573 | 10/05/00 | |

Vexatious Litigant List
BOLD = Added names

4

3/28/2008

# VEXATIOUS LITIGANT LIST

Prepared and Maintained by the Administrative Office of the Courts
From Prefiling Orders Received from California Courts
(Orders prohibiting future filings entered through March 28, 2008)

| LAST NAME | FIRST NAME | MIDDLE | COURT | CASE NO. | DATE | COMMENTS |
|---|---|---|---|---|---|---|
| BROSNAN | John | | Contra Costa Superior Court | C0303021 | 11/04/03 | |
| BROSNAN | John | | Contra Costa Superior Court | C0400329 | 04/14/04 | |
| BROW | Jennifer | A. | Kern (Bakersfield) Municipal Ct. | 109705 | 09/04/98 | Order states specifics. |
| BROW | Richard | J. | Kern (Bakersfield) Municipal Ct. | 109705 | 09/04/98 | Order states specifics. |
| BROWN | Joyce | Willes | Court of Appeal, 2nd Dist, Div 5 | B080364 | 07/07/94 | |
| BROWN | Sherwood | | San Diego Superior Court | 703585 | 03/21/97 | |
| BROWN, II | William | Odessa | Monterey Superior Court | M82457 | 08/08/07 | |
| BROWNING | Howard | | Los Angeles Superior Court | BC016615 | 10/28/94 | |
| BRYANT | David | L. | Sacramento Superior Court | BC016615 | 08/05/96 | |
| BUCHANAN | Andrew | | San Bernardino Superior Court | JC2081 | 01/26/06 | |
| BURKE | Sherry | | Sonoma Superior Court | BVFHS01508 | 10/21/94 | |
| BURNS | Julia | | Shasta Superior Court | 180076 | 03/29/02 | |
| BURRELL | Roger | W. | Los Angeles Superior Court | 01CV0089 | 02/23/94 | |
| BURUGA | Gabriel | | Orange County Superior Court | BC085778 | 01/13/06 | |
| CAIN | Inventor | Daryl | San Diego Superior Court | 05CC12637 | 09/18/91 | |
| CAIN | Reverend | Daryl | San Diego Superior Court | SC595575 | 09/18/91 | |
| CAIN | Daryl | | San Diego Superior Court | SC595575 | 09/18/91 | |
| CALDERON LOPEZ | Ricardo | J. | Los Angeles Superior Court | SC088518 | 05/26/06 | |
| CALLAHAN | Sherry | | Sonoma Superior Court | 180076 | 10/21/94 | |
| CAMPBELL | Carmen | E. | Los Angeles Superior Court | NC026096 | 10/28/99 | |
| CAMPBELL | Evangelist | Maggie | Los Angeles (Newhall) Muni Ct | PC030977 | 03/28/03 | |
| CAMPBELL | Larry | W. | Placer Superior Court | SDR7097 | 01/30/02 | |
| CAMPBELL | Larry | W. | Placer Superior Court | SCV15460 | 07/08/04 | |
| CAMPBELL | Maggie | | Los Angeles (Newhall) Muni Ct. | PC030977 | 03/28/03 | |
| CAMPBELL | Stuart | | Los Angeles Superior Court | BC038368 | 04/15/92 | |
| CAMPBELL-SMITH | Anne | | Los Angeles Superior Court | BC038368 | 04/15/92 | |
| CAMPOS-RIEDEL | Sofia | | Placer Superior Court | SDR10354 | 02/23/07 | |
| CARDAN | Cyrus | | Los Angeles Superior Court | BC103383 | 01/06/95 | |
| CARDINALLI | Vincent | | Santa Clara Superior Court | 507SC002040 | 08/02/07 | Also see A&R Towing, Inc. |
| CARLSON | Patricia | J. | Madera Superior Court | CV10882 | 04/27/01 | |
| CARMICHAEL | Gina | D. | Sacramento Superior Court | 02AS06090 | 09/23/05 | |
| CARREA, JR. | Christopher | | San Diego Superior Court | 727411 | 06/26/99 | |
| CARRILLO | Alberto | | Alameda Superior Court | H273431 | 03/12/02 | |

Vexatious Litigant List
BOLD = Added names

3/28/2008

# EXHIBIT B

## INSURANCE CLAIMS FILED BY JOHN BROSNAN

| Date of Loss | Carrier | Nature of Claim |
|---|---|---|
| 12/7/02 | Bristol West. Ins. | Unknown Injury. |
| 3/21/03 | Allied Mutual Ins. | Left Wrist Strain |
| 5/5/03 | Royal Indemnity Co. | Left wrist, elbow. |
| 5/5/03 | C/O Crawford & Co. | Neck and back. |
| 12/12/03 | Progressive Ins. | Neck, back, right side of body/head. |
| 3/27/04 | 21st Century Ins. | Cut on rt. wrist, sprain of rt wrist. |
| 5/17/04 | Allstate Ins. Co. | Wrist, left side sore. |
| 5/17/04 | Farmers Ins. | Sprained left wrist. |
| 6/29/04 | Farmers Ins. | Wrist. |
| 1/27/05 | Clarendon Ntl. Ins. | Wrist |
| 2/21/06 | Clarendon Ntl. Ins. | Wrist. |
| 5/20/06 | Allstate Ins. Co. | Unknown Injury. |

| | | |
|---|---|---|
| 2/16/07 | Lincoln General Ins. | Truck damage and theft of equip. |
| 5/12/07 | John Brosnan | |
| | Coast Ntl. Ins. | Personal injuries. |
| 5/12/07 | State Farm | Rt. Wrist, neck and property damage. |
| 6/13/07 | Farmers | Both wrists, back, neck. |
| 6/7/07 | Travelers Indemnity Co. | Unknown injury. |
| 9/16/07 | Zurich American | Believes swallowed sliver of glass. |

# EXHIBIT C



# EXHIBIT D

| Name: | CINCINNATI TIME OF NORTHERN CALI | Phone: | (925) 937-5550 |
| Name: | FREMONT BANK | Phone: | (925) 941-1510 |

## 1870 ARNOLD INDUSTRIAL PL CONCORD, CA 94520
12 phone numbers found, only first 10 listed.

| Name: | CHOCOLATE MADDNESS | Phone: | (925) 609-1300 |
| Name: | EASTER SEALS EARLY INTERVENTION | Phone: | (877) 372-2023 |
| Name: | FLYNN PLUMBING INCORPORATED | Phone: | (925) 687-9701 |
| Name: | HJB HOSES AND FITTINGS | Phone: | (925) 363-5500 |
| Name: | LASER PRINTING SERVICES | Phone: | (925) 689-1101 |
| Name: | LEVY ZAX CONST | Phone: | (925) 825-8254 |
| Name: | NATIONAL MEDIA SYSTEMS | Phone: | (925) 676-0507 |
| Name: | NEXT LEVEL NETWORKS | Phone: | (925) 671-5474 |
| Name: | PUBLIC STORAGE | Phone: | (925) 680-1902 |
| Name: | W & R INDUSTRIAL PRODUCTS | Phone: | (925) 602-9700 |

## 3817 SAN PABLO DAM RD 216 RICHMOND, CA 94803

| Name: | BRIAN K LINEBARGER CCPS | Phone: | (925) 975-7872 |
| Name: | FASHION HOUSE | Phone: | (510) 222-2230 |

## Possible Real Property Ownership and Deed Transfers

(4 Records)   Top

### 3321 VINCENT RD PLEASANT HILL, CA 94523

| | | | |
|---|---|---|---|
| Owner Name: | BROSNAN JOHN | | |
| Assess State: | California | County: | CONTRA COSTA |
| Parcel Number: | 4064920103 | Type: | PUD |
| Short Legal Description: | T04876 L0050 B | | |
| Document Number: | | Recorded Date: | 12/19/2003 |
| Situs Address: | 10 PLATEAU CT HERCULES, CA 94547 -1427 | Book: | |
| Mailing Address: | 3321 VINCENT RD PLEASANT HILL, CA 94523 -4332 | Page: | |
| Assessment Year: | | Tax Year: | 2003 |
| Assessed Land Value: | $███ | Market Land Value: | |
| Assessed Improvements: | ███ | Market Improvements: | |
| Total Assessed Value: | $███ | Total Market Value: | |
| Most Recent Sale: | | Prior Sale Price: | $███ |

California Deed Transfer Records - County of: CONTRA COSTA

Parcel Number:    4064920103
Legal Desc:
Sale Price: