Dennis B. Kass,
State Bar No. 137263
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6900
E-mail: dbk@mmker.com

Patrick L. Hurley,
State Bar No. 174438
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
One California St., 11th Floor
San Francisco, CA
Telephone: (415) 217-6990
Facsimile: (415) 217-6999
E-mail: plh@mmker.com

Attorneys for Defendants,
TRACY AVILDSEN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>Plaintiff,<br><br>vs.<br><br>TRACY AVILDSEN aka TRACY BROOKS SWOPE, et al.,<br><br>Defendants. | Case No. CV 07-6438 EDL<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT AND TO STRIKE PUNITIVE DAMAGES CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TRACY AVILDSEN**<br><br>Date: May 28, 2008<br>Time: 9:00 a.m.<br>Ctrm: E |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants submit the following reply to plaintiff's opposition to the motion to dismiss.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Nothing in plaintiff's opposition is sufficient to defeat the motion to dismiss. Plaintiff failed to present any admissible evidence in opposition to the motion to establish that the Court has subject matter over this case. Plaintiff did not dispute that he has been declared a vexatious litigant in state court. He did not address the amount-in-controversy issue and presented no evidence to refute the evidence that he is a citizen of California. There is no diversity because defendant Avildsen is also a citizen of California and the address in New York referenced by plaintiff is the address of her business manager; Avildsen lives in Beverly Hills.

Plaintiff has also failed to establish that venue is appropriate in the Northern District as he does not dispute that the incident giving rise to this lawsuit happened in the Central District and his claim that he is being damaged by some alleged violation of the California Fair Claims Settlement Regulations is meritless because plaintiff has not alleged a claim for any alleged violation of that regulations.

Plaintiff conceded that there is no cognizable claim under California law for civil conspiracy. He did not address the argument that the defamation claims are not adequately pled nor did he address the merits of defendants' argument that the alleged statements by Avildsen and State Farm are protected by Civil Code § 47(b). The Court should dismiss the Complaint without leave to amend.

## 2. THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS MATTER

In the motion, defendants argued that subject matter jurisdiction was lacking because plaintiff did not allege that the amount in controversy resulting from the fender-bender exceeded $75,000. Plaintiff's failure to allege that the amount in controversy exceed the statutory limit is ground, by itself, for the Court to grant the motion.

Subject matter is also lacking because both plaintiff and Avildsen are citizens of California. As set forth in the motion, plaintiff's address, phone number and email address are all from Northern California. He admitted that he "does business" in California (Opp. at p. 3, lines 14-15) and has filed numerous lawsuits in both state and federal court in California and, in fact, has been declared a vexatious litigant by California court. More importantly, plaintiff has failed to submit any evidence whatsoever to support his allegation that he is a resident of Nevada.

Plaintiff's argument that Avildsen is a citizen of New York is meritless. As set forth in her declaration, Avildsen has lived in Beverly Hills, California for over twenty years. Plaintiff's contention that Avildsen lives in New York is based on the fact that, on the form that State Farm used to report plaintiff's fraudulent claim to the California Department of Insurance, to protect Ms. Avildsen's privacy, the address of her business manager in New York was used. Ms. Avildsen does not live at that address. (Avildsen Decl. at ¶ 3.)

In the absence of any evidence to refute the strong evidence of plaintiff's California citizenship and based on the fact that Avildsen is a citizen of California, the Court should dismiss the Complaint with prejudice for lack of subject matter jurisdiction.

3. **VENUE IN THE NORTHERN DISTRICT IS IMPROPER**

Plaintiff has also failed to refute defendants' argument that, even if there was subject matter jurisdiction, the case should not have been brought in the Northern District of California. Plaintiff does not dispute that the accident that forms the basis for his lawsuit occurred in the Central District and it is undisputed that defendant Avildsen lives in the Central District. Therefore, venue is only proper in the Central District.

In opposition to the motion to dismiss for improper venue, plaintiff argues that he has been damaged in the Northern District because State Farm violated California's Fair Claims Settlement Regulations. This argument is meritless. The

Complaint does not contain a claim for an alleged violation of the Fair Claims Settlement Regulations. In fact, the Complaint contains no allegations at all relating to those regulations. Even if he had brought such a claim, it would be based on an insurance claim arising out of the underlying car accident which occurred in the Central District which is also where Avildsen resides. Thus, plaintiff has not established that a "substantial part of the events or omissions" on which the claim is based occurred in the Northern District.

### 4. **PLAINTIFF'S CLAIMS AGAINST STATE FARM FAIL AS A MATTER OF LAW**

Plaintiff's claims against State Farm fail as a matter of law. As set forth in the motion, plaintiff cannot sue Avildsen's insurance company directly until and unless he obtains a judgment against Avildsen which he has not done. Plaintiff conceded in the opposition that there is no cognizable claim for a conspiracy to defame under California law. Plaintiff has not alleged sufficient facts to support a claim for defamation against State Farm because the allegations in the Complaint are vague and contain no facts, only legal conclusions. State Farm is also immune from suit for alleged defamation for makings statements to its insured or the California Department of Insurance about the subject accident. See Cal. Civ. Code § 47(b). Although plaintiff asserts that Civil Code § 47 immunity is not available to defendants, he cites no legal authority nor any factual basis for his argument. Finally, plaintiff has not alleged facts sufficient to set forth a claim for punitive damages or attorneys' fees against State Farm.

### 5. **PLAINTIFF'S DEFAMATION CLAIMS AGAINST AVILDSEN FAIL AS A MATTER OF LAW**

Plaintiff's defamation claims against Avildsen should also be dismissed without leave to amend. Plaintiff conceded that there is no cognizable claim for conspiracy to defame in California. The defamation claims are not supported by factual allegations sufficient to state a claim for libel or slander against Avildsen.

Avildsen is immune from suit for alleged defamation for talking to her insurance company about the subject accident. Plaintiff is inappropriately using the defamation claims to attempt to chill Avildsen's First Amendment rights. Finally, plaintiff has failed to alleged facts suffficient to proceed with claims for punitive damages or attorneys' fees against Avildsen.

### 6. CONCLUSION

For all the foregoing reasons and for the reasons set forth in the motion to dismiss, the Court should grant the motion to dismiss without leave to amend.

Dated: May 13, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: S:\Patrick L. Hurley

Attorneys for Defendants,
TRACY AVILDSEN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC.

# DECLARATION

# DECLARATION OF TRACY AVILDSEN

I, Tracy Avildsen, declare as follows:

1. I am over the age of 18 and have personal knowledge of the facts stated in this declaration. If called upon to do so I could and would testify as to the truth of the matters contained within this declaration.

2. I do not live in New York and have not lived in New York during the relevant time period, from the time of the May 12, 2007 automobile accident which is the subject of plaintiff's complaint in this matter, until the present time.

3. I am in the entertainment industry. The address noted by Mr. Brosnan as reflected in the Suspected Fraudulent Claim form filed by State Farm is the address for my business manager. This is not my residence address, nor has it ever been my residence address.

4. I presently reside in the Beverly Hills, California area and resided in the same area at the time of the accident which is the subject of plaintiff's Complaint in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12 day of Mayl, 2008 in Beverly Hills, California.



TRACY AVILDSEN

-1-
DECLARATION OF TRACY AVILDSEN

G:\docsdata\DBK\Brosnan\Pldgs\Deft-Dec.2.wpd

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
*Brosnan v. Avildsen, et al.*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 1 California St., 11th Floor, San Francisco, California 94111

On **May 13, 2008** I served the document described as **REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT AND TO STRIKE PUNITIVE DAMAGES CLAIM** on the following parties:

John Brosnan
3321 Vincent Road
Pleasant Hill, CA 94523
Email: John@cityofsanfrancisco.com

☐ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: ON THE ATTACHED SERVICE LIST.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

X   via electronic mail by the U.S. District Court - Live System

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **May 13, 2008**, at Los Angeles, California.

S:/Patrick L. Hurley