Dennis B. Kass,
State Bar No. 137263
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
801 S. Figueroa St., 15th Floor
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6900
E-mail: dbk@mmker.com

Patrick L. Hurley,
State Bar No. 174438
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
One California St., 11th Floor
San Francisco, CA
Telephone: (415) 217-6990
Facsimile: (415) 217-6999
E-mail: plh@mmker.com

Attorneys for Defendants,
TRACY AVILDSEN AND STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>    Plaintiff,<br><br> vs.<br><br>TRACY AVILDSEN aka TRACY BROOKS SWOPE,  et al.,<br><br>    Defendants. | Case No. CV 07-6438 EDL<br><br>**OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS**<br><br>Date:   June 3, 2008<br>Time:   9:00 a.m.<br>Ctrm:   E |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant TRACY AVILDSEN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC. hereby object to and ask that the Court strike plaintiff's supplemental opposition to the motion to dismiss.

1  This motion to strike is made on the grounds the opposition papers are
2  untimely and filed in blatant violation of Local Rule 7-3(d) such that the Court
3  should strike the amended opposition.

6  Dated: May 19, 2008                    MANNING & MARDER
                                          KASS, ELLROD, RAMIREZ LLP

8                                         By: S:\Patrick L. Hurley

9                                         Attorneys for Defendants,
                                          TRACY AVILDSEN AND STATE
                                          FARM MUTUAL AUTOMOBILE
                                          INSURANCE COMPANY, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. THE COURT SHOULD DISREGARD AND STRIKE THE UNAUTHORIZED AND UNTIMELY AMENDED OPPOSITION

Defendant filed a motion to dismiss the Complaint on April 14, 2008. Plaintiff filed an opposition to the motion on April 28, 2008. Defendants filed a reply on May 13, 2008. Plaintiff then filed a supplemental memorandum in opposition to defendants' motion to dismiss on May 14, 2008. The Court should strike that supplemental opposition and refuse to consider it or the declaration filed in support of the untimely opposition.

Local Rule 7-3(d) provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Plaintiff's attempt to file a supplemental opposition after the reply was filed is a violation of Local Rule 7-3.

## 2. EVEN IF THE COURT CONSIDERED THE SUPPLEMENTAL OPPOSITION, THE MOTION TO DISMISS SHOULD BE GRANTED

Although the supplemental opposition should be disregarded and stricken by the Court, nothing in the untimely and inappropriate document is sufficient to defeat the motion to dismiss.

First, plaintiff asserts that he resides near Jean, Nevada.[1] However, he does not provide his residence address, phone number or any other information to support this assertion. Plaintiff's address, phone number and email address are all in California. He owns or owned property in California. He has filed so many lawsuit in California courts that he has been declared a vexatious litigant. He is now trying to take his circus to the federal courts in California. Plaintiff is a citizen of

---

[1] It is difficult to imagine that it would be workable for plaintiff to commute from Jean, Nevada which is 539 miles from San Francisco (driving time = 8 hours one-way).

California as is Avildsen; there is no subject matter jurisdiction.

Second, plaintiff's simply asserts that the amount in controversy exceeds $75,000 but, again, this assertion is not supported by any facts. Plaintiff fails to explain how a minor fender-bender, in which plaintiff is not claiming any bodily injuries, could involve more than $75,000 in damages.

Third, even if there was subject matter jurisdiction, nothing in the supplemental opposition establishes that venue is appropriate anywhere but in the Central District of California.

Finally, while it appears that plaintiff has some unresolved anger issues towards the insurance industry, his recitations of alleged wrongdoing by insurance companies in Florida and Washington are not relevant to any of the issues raised in the motion to dismiss.

### 3. **CONCLUSION**

The Court should strike the supplemental opposition filed by plaintiff and grant the motion to dismiss.

Dated: May 19, 2008

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: S:\Patrick L. Hurley

Attorneys for Defendants,
TRACY AVILDSEN AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, INC.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
*Brosnan v. Avildsen, et al.*

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 1 California St., 11th Floor, San Francisco, California 94111

On **May 19, 2008** I served the document described as **OBJECTION TO AND MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS** on the following parties:

John Brosnan
3321 Vincent Road
Pleasant Hill, CA 94523
Email: John@cityofsanfrancisco.com

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: ON THE ATTACHED SERVICE LIST.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

X    via electronic mail by the U.S. District Court - Live System

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 19, 2008**, at Los Angeles, California.

S:/Patrick L. Hurley