IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

    Plaintiff,

v.

TRACY AVILDSEN, et al.,

    Defendants.

No. C-07-06438 EDL

**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS**

On December 21, 2007, Plaintiff John Brosnan filed this action against Defendants Tracy Avildsen and State Farm Mutual Automobile Insurance Company alleging state law claims arising out of a car accident between Plaintiff and Defendant Avildsen. On that date, the Court issued an order requiring a case management conference statement to be filed on March 25, 2008 and setting an initial case management conference for April 1, 2008. On January 16, 2008 and February 11, 2008, the Court's courtroom deputy sent letters to Plaintiff seeking his decision regarding consent to magistrate judge jurisdiction. Plaintiff did not respond to the Court's letters, nor did he respond to telephone calls from the Court's courtroom deputy. Plaintiff did not file a case management conference statement and failed to appear at the case management conference. On April 4, 2008, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute, setting a hearing date of April 22, 2008, and also sought additional information to support Plaintiff's application to proceed <u>in forma pauperis</u>.[1] Plaintiff failed to appear at the April 22, 2008 hearing.

---

[1] Despite the Court's Order, Plaintiff has failed to provide any further information in support of his <u>in forma pauperis</u> application. As stated in that Order, the application was not signed, and Plaintiff listed his employer as "self," but failed to list any income. Because the Court is giving Plaintiff an opportunity to amend his complaint, the Court also gives Plaintiff one more chance to provide the

1    Meanwhile, on April 14, 2008, Defendant filed a Motion to Dismiss on the grounds that the
2 Court lacks subject matter jurisdiction, that venue is improper and that the state claims against
3 Defendants State Farm and Avildsen fail as a matter of law.  Subsequently, both parties consented to
4 magistrate judge jurisdiction pursuant to 28 U.S.C. § 626(c).  Plaintiff opposed Defendants' Motion,
5 and Defendants filed a reply.  Plaintiff also filed a "Supplemental Memorandum in Opposition to
6 Defendants' Motion to Dismiss Complaint and to Strike Punitive Damages."[2]   Because this matter
7 is appropriate for decision without oral argument, the Court vacated the June 3, 2008 hearing.

**Facts**

Plaintiff alleges that in Los Angeles on May 7, 2007 at approximately 3:40 p.m., his vehicle was struck from behind by Defendant Avildsen's vehicle.  Compl. ¶¶ 8-10, 15.  Plaintiff alleges that Defendant Avildsen would not provide him with her identification and insurance information at the scene, but then stated that she was insured by Defendant State Farm.  Compl. ¶¶ 20-21, 23.  Plaintiff alleges that Defendant Avildsen fled the scene when he called 911.  Compl. ¶¶ 24-26.  Defendant State Farm denied the claim that Plaintiff made for the accident.  Compl. ¶ 30.

Subsequently, Plaintiff filed this action against Defendants Avildsen and State Farm based on diversity jurisdiction, alleging claims for property damage, defamation and conspiracy to commit slander.  Plaintiff alleges that he is a resident of Nevada.  Compl. ¶ 3.  Plaintiff alleges that Defendant Avildsen is a New York resident (Compl. ¶ 4) and that Defendant State Farm is an Illinois corporation (Compl. ¶ 6).  Plaintiff makes no allegations regarding the amount in controversy, although in his prayer for relief, he seeks an unspecified amount of actual damages and $200 million in punitive damages.

//
//

---

additional information required for his application.  Specifically, Plaintiff shall provide a signed application that lists his income, if any, from his self-employment.  Plaintiff shall provide this information no later than June 27, 2008.  If no further information is provided, the Court will deny the in forma pauperis application.

[2]    Defendants filed a Motion to Strike the Supplemental Memorandum, arguing that Plaintiff did not have leave of court to file it.  The Court did not give Plaintiff leave to file the Supplemental Memorandum.  However, because Plaintiff is proceeding without counsel and may not be as familiar with Court rules, the Court declines to strike the Supplemental Memorandum.

**Discussion**

**1.     The Court lacks subject matter jurisdiction**

A federal court has discovery jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and between citizens of different states. See 28 U.S.C. § 1332. Plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint (a "facial attack"), or it may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact (a "factual attack"). See Thornhill Publishing Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir.1979). In the former, the court must consider the allegations of the complaint as true, in the latter, the court determines the facts for itself. In a factual attack, if the defendant can challenge the plaintiff's allegations of jurisdiction using extrinsic evidence, the burden is then on the plaintiff to prove as a matter of fact that the bases for diversity jurisdiction exist. See Sinclair v. Spatocco, 452 F.2d 1213 (9th Cir. 1971). Defendants make both a facial and a factual attack on jurisdiction in this case.

First, Defendants argues that Plaintiff has failed to allege that the amount in controversy exceeds $75,000. In fact, Plaintiff has failed to allege any specific amount in controversy at all except $200 million in punitive damages. Exemplary damages can be included in the amount in controversy if they are recoverable as a matter of law. See Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met. See Surber v. Reliance Nat'l Indem. Co., 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000) ("In order to establish probable punitive damages, a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts.") (citing Faulkner v. Astro-Med, Inc., 1999 WL 820198, * 4 (N.D. Cal. Oct. 4, 1999) and Miller v. Michigan Millers Ins. Co., 1997 WL 136242 (N.D. Cal. Mar. 12, 1997)).

Here, the only evidence presented by Plaintiff regarding the amount in controversy is his bare conclusory statement in his declaration filed with his Supplemental Memorandum that the

1  amount in controversy exceeds $75,000. See Brosnan Decl. ¶ 2. Plaintiff has not provided any
2  evidence that a punitive damage award in the amount of $200 million is "anything but a bold and
3  optimistic prediction." Surber, 110 F.Supp.2d at 1232. Accordingly, Plaintiff has not met his
4  burden of showing that the amount in controversy in this case exceeds $75,000. But even assuming
5  he could clear this threshold, he does not meet the diversity of citizenship requirement necessary for
6  jurisdiction.

7  Second, Defendants argue that Plaintiff's allegations regarding citizenship of Plaintiff and
8  Defendant Avildsen are insufficient to establish diversity jurisdiction. Plaintiff alleges that he is a
9  Nevada resident (Compl. ¶ 3) and that Defendant Avildsen is a resident of New York (Compl. ¶ 4).
10 Residency, however, is not the same as citizenship. See Kanter v. Warner-Lambert Co., 265 F.3d
11 853, 857 (9th Cir. 2001) (citizenship is the same as domicile, which may or may not be the same as
12 residence; "[a] person's domicile is her permanent home, where she resides with the intention to
13 remain or to which she intends to return."). Defendants have provided evidence that Plaintiff's
14 allegations of residency are not credible. Defendant Avildsen states in her declaration that she has
15 been a resident of California since 1987 and at the time of the accident lived in Beverly Hills. See
16 Avildsen Decl. ¶¶ 2-3. In response, Plaintiff filed a document entitled Suspected Fraudulent Claim
17 that was completed in connection with the car accident in which Defendant Avildsen's address is
18 listed as New York. See Opp'n at Ex. 2. Even assuming that this exhibit was properly
19 authenticated, which it was not, Defendant Avildsen provided a declaration stating that she does not
20 live in New York and that she used her business manager's address in New York for her insurance
21 because she is in the entertainment industry. See Avildsen Reply Decl. ¶¶ 2-3.

22 Plaintiff argues, however, that diversity jurisdiction exists because he is a resident of
23 Nevada, relying solely on his statement in his declaration that he "currently reside[s] near Jean,
24 Nevada." Brosnan Decl. ¶ 1. This evidence does not establish Plaintiff's citizenship. To the
25 contrary, Plaintiff states that he "prefers a nomadic lifestyle," which runs contrary to the requisite
26 intention to remain in Nevada for purposes of diversity jurisdiction. See Opp'n at 3. Plaintiff
27 concedes that he maintains a mailing address and telephone number in Pleasant Hill and that he does
28 business in Northern California. See id. On balance, the evidence establishes that if Plaintiff has an

4

intent to remain or return to any state, it would be California. Therefore, there is no diversity of citizenship to support diversity jurisdiction.

**2.  Venue is improper in the Northern District**

In cases based on diversity jurisdiction, venue is proper only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commended, if there is no district in which the action may otherwise be brought." See 28 U.S.C. § 1391(a). Venue is not proper in the Northern District under any of the subsections of section 1391(a).

First, all Defendants do not reside in the same state, so subsection (1) does not apply. Second, under subsection (2), venue is proper in the Central District of California because a substantial part of the events giving rise to the claim occurred in the Central District, that is, the car accident in Beverly Hills, California. Plaintiff argues that the accident with Defendant Avildsen lasted only a few minutes, but that he is experiencing the real effects of this accident in the Northern District because Defendant State Farm continually violated Plaintiff's rights under the California Fair Claims Settlement Practices Regulations, Cal. Admin. Code tit. 10, §§ 2695.1-2695.17. See Opp. at ¶¶ 19-20. However, the complaint does not even mention, let alone contain a claim for, violation of the Fair Claims Settlement Practices Regulations. More importantly, the event giving rise to this lawsuit, as reflected in the complaint, is the car accident that occurred in the Central District. Plaintiff has not established that a substantial part of the events giving rise to this lawsuit occurred elsewhere, or that venue would be proper in the Northern District even if the complaint contained a claim under the Fair Claims Settlement Practices Regulations. Third, because this action could have been brought in the Central District, section 1391(a)(3) does not apply.

**3.  Plaintiff's state law claims against Defendant State Farm are dismissed**

Under California law, a plaintiff may not bring a direct action against an insurer under an insurance policy until the plaintiff has a final judgment against the insured. See McKee v. National Union Fire Ins. Co., 15 Cal.App.4th 282, 287 (1993). Plaintiff does not dispute that he cannot bring

5

a direct action against State Farm. See Supp. Opp. at ¶ 5. Although he argues that Defendant State Farm violated the Fair Claims Settlement Practices Regulations, the complaint does not contain a claim for violation of those Regulations against State Farm. Therefore, claims against Defendant State Farm based on the car accident are dismissed with prejudice.

**4.     Plaintiff has not stated a claim for defamation**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. See Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. See Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. See Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

In this case, Plaintiff alleges claims for slander and libel against Defendants:

> [A] written communication that is false, that is not protected by any privilege, and that exposes a person to contempt or ridicule or certain other reputational injuries, constitutes libel. (Civ. Code, § 45; Rest.2d Torts, § 568, subd. (1).) A false and unprivileged oral communication attributing to a person specific misdeeds or certain unfavorable characteristics or qualities, or uttering certain other derogatory statements regarding a person, constitutes slander. (Civ. Code, § 46; Rest.2d Torts, § 568, subd. (2).)

Shively v. Bozanich, 31 Cal. 4th 1230, 1242 (2003). "Even under liberal federal pleading standards, general allegations of the defamatory statements which do not identify the substance of what was said are insufficient." Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1216 (C.D. Cal.2004) (holding that a "defamation claim is insufficient" because the plaintiff failed to "identify and state the substance of the allegedly defamatory statement").

6

1    Here, given the liberal standards applied to pro se litigants, Plaintiff arguably has stated a
2 claim for defamation. Plaintiff alleges that Defendants slandered him by telling others that he was
3 responsible for the accident. Compl. ¶¶ 32-33, 35-36. He also alleges that Defendant State Farm
4 has disseminated documents to "third parties" stating that Plaintiff is at fault for the accident, even
5 though he alleges that Defendant State Farm was aware that Plaintiff is not responsible for the
6 accident. Compl. ¶¶ 43-44. It is debatable whether a communication that someone is at fault in a
7 car accident exposes the person to ridicule or contempt, but the Court will assume so for purposes of
8 this motion to dismiss.

9    However, to the extent that Defendants made statements to each other or to others at the
10 insurance company regarding the car accident, they are entitled to immunity. See Cal. Civ. Code §
11 47(c). Section 47 states:

> (c) In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

Under that section, a statement is privileged "where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." See Williams v. Taylor, 129 Cal.App.3d 745, 751 (1982). Once the defense of privilege has been established, "plaintiff has the burden of defeating it by showing that the privilege has been abused or that malice existed on the part of the defendant." Deaile v. General Telephone Co. of Cal., 40 Cal.App.3d 841, 849 (1974). Malice may not be inferred from the statements themselves. See Cal. Civ. Code § 48.

   Here, Defendants have a common interest in communications regarding the car accident and this subsequent litigation, thereby immunizing them from liability for statements made in furtherance of that common interest. It is not clear from Plaintiff's complaint whether he alleges that Defendants made any allegedly defamatory statements to anyone other than those persons having a common interest in this matter, for example, other persons at State Farm, or that the statements were not made in furtherance of that common interest. Accordingly, to the extent that Plaintiff alleges that Defendants are liable for allegedly defamatory statements made to each other or

7

1 others at the insurance company with a common interest, his defamation claim fails. However, if
2 Plaintiff has a good faith belief that allegedly defamatory statements were made to persons not
3 sharing a common interest, he may amend the complaint to add those allegations.

### 5.    Plaintiff's conspiracy claim fails

"'The elements of an action for civil conspiracy are the formation and operation of the conspiracy and damage resulting to plaintiff from an act or acts done in furtherance of the common design.... In such an action the major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity.'" Applied Equipment, 7 Cal. 4th 511 (quoting Doctors' Co. v. Superior Court, 49 Cal.3d 39, 44 (1989)). Plaintiff's conspiracy claim is based on his theory that Defendants slandered him, so to the extent that Plaintiff's defamation claim fails as described above, he cannot proceed on his conspiracy claim.

### 6.    Plaintiff's punitive damages prayer fails

Defendants argue that the prayers for punitive damages should be dismissed as "redundant, immaterial, impertinent or scandalous matter" under Federal Rule of Civil Procedure 12(f). With respect to punitive damages, Defendants argue that Plaintiff has not made a showing of fraud, malice or oppression that would justify punitive damages under Cal. Civ. Code § 3294: "In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." See also Henry v. Lehman Commer. Paper, Inc., 471 F.3d 977, 998 (9th Cir. 2006) ("Under California law, punitive damages are appropriate where a plaintiff establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression or (3) malice. Cal. Civ. Code § 3294(a). According to the definitions provided in section 3294(c), a plaintiff may not recover punitive damages unless the defendant acted with intent or engaged in 'despicable conduct.' 'The adjective "despicable" connotes conduct that is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people.'").

United States District Court
For the Northern District of California

Here, because the complaint does not specifically contain any allegations regarding malice, fraud or oppression, Plaintiff's prayer for punitive damages fails. However, if Plaintiff has a good faith belief that circumstances for punitive damages exist, he may amend to add those allegations.

**7.    Plaintiff's prayer for attorney's fees is dismissed**

Fees are generally not recoverable in tort actions. Furthermore, pro se plaintiffs may not recover attorney's fees. See, e.g., Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987) (pro se litigant who is not a lawyer is not entitled to fees under 42 U.S.C. § 1988); Merrell v. Block, 809 F.2d 639, 641 (9th Cir. 1987) (pro se litigant who is not a lawyer is not entitled to fees under the Equal Access to Justice Act). Therefore, the Court dismisses with prejudice Plaintiff's prayer for attorney's fees.

**8.    Leave to amend**

"[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, it appears unlikely that the jurisdictional defects and the defects in the state claims, much less the venue defect, could be cured by amendment. However, as the Court cannot necessarily conclude that Plaintiff will not be able to "raise a right to relief above the speculative level" (Bell Atlantic, 127 S.Ct. at 1965), leave to amend is granted in accordance with this Order.

**Conclusion**

Defendants' Motion to Dismiss is granted with leave to amend regarding subject matter jurisdiction, venue, defamation, conspiracy and punitive damages in accordance with this Order. Any amended complaint may not include claims or relief that have been dismissed with prejudice in this Order. Any amended complaint shall be filed no later than June 27, 2008. If Plaintiff fails to file an amended complaint by that date, the Court will dismiss this matter with prejudice.

**IT IS SO ORDERED.**

Dated: June 6, 2008

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

9